# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL FAUST,<br><br>        Defendant. | Case No. 23-cr-2005-LTS-MAR<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE** |

_____

## I. INTRODUCTION

On March 22, 2023, the Grand Jury charged Defendant with one count of Possession of a Firearm by a felon in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2). (Doc. 3.) Specifically, the indictment charges, "Defendant was previously convicted of the following crime punishable by imprisonment for a term exceeding one year: Theft Second Degree, in the Iowa District Court for Clayton County, on or about November 12, 2003." (*Id.*)

The matter before the Court is Defendant's Motion to Dismiss Indictment Under *[Rifle & Pistol Association, Inc. v.] Bruen*, [142 S. Ct. 2111 (2022)]. (Doc. 21.) The Government timely filed a resistance. (Doc. 22.) The Honorable Leonard T. Strand, United States District Court Chief Judge, referred the motion to me for a Report and Recommendation. I offered to hold a hearing for arguments or to hear evidence, but counsel for both parties declined. Because of the rapidly shifting law, as discussed below, I held a status conference to determine whether the parties wished to submit additional

briefing or otherwise supplement the record. They declined. The matter is fully submitted.

For the following reasons, I respectfully recommend that the District Court **deny** Defendant's Motion to Dismiss.

## II. DISCUSSION

### A. *The Parties' Arguments*

Defendant argues alternatively that 18 United States Code Section 922(g)(1) is facially unconstitutional or is unconstitutional as applied to him following the United States Supreme Court decision in *Bruen*. (Doc. 21-1 at 2.) Defendant first asserts that his conduct, possessing a firearm, is protected because he is part of "the people" as that term is used in the Second Amendment, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Defendant argues that felons are not excepted from the definition of "the people," unlike illegal aliens under Eighth Circuit precedent. *United States v. Stitladeen*, 64 F. 4th 979 (8th Cir. 2023).

Defendant next asserts the Government cannot meet its burden under *Bruen* to show Section 922(g)(1)'s prohibition against possession of firearms by felons has "a well-established and representative historical analogue." 142 S. Ct. 2133. Defendant acknowledges but dismisses as dicta the warnings from *District of Columbia v. Heller* (as echoed in *Bruen*) that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 554 U.S. 570, 626 (2008); *Bruen*, 142 S. Ct at 2162.

Defendant then recounts certain history from the nation's founding he believes shows the prohibition on possession of firearms by enslaved persons, persons subject to racial or religious discrimination, and those who threatened public safety or who were

disloyal, but does not show that people who had been convicted of felonies were prohibited from possessing firearms.

Finally, Defendant argues that Section 922(g)(1) is unconstitutional as applied to him because his only felony conviction is for a nonviolent theft in the second degree in 2003.

In response, the Government points to statements in *Heller, Bruen,* and *McDonald v. City of Chicago,* 561 U.S. 742, 786 (2010) that emphasize the Supreme Court's assurances that these recent cases regarding firearm possession do not disturb "longstanding prohibitions on the possession of firearms by felons." The Government points to the Eighth Circuit's repeated rejection of both facial and as-applied challenges to Section 922(g)(1)—although all the cited cases predate *Bruen*, of course.

The Government then argues that the text of the Second Amendment and the historical regulation of firearms do not prevent legislatures from prohibiting firearms by felons. The Government points to the Supreme Court's emphasis in *Heller, Bruen* and *McDonald* that the right to bear arms is limited to law-abiding citizens. The Government undertakes its own review of the historical regulation of firearms that it believes support upholding Section 922(g)(1)'s prohibition of possession of firearms by felons. Finally, the Government asserts that that Defendant's "as-applied" challenge must fail because he has not shown, under *United States v. Adams*, 914 F.3d 602 (8th Cir. 2019), that the Second Amendment protects his particular conduct and that his prior felony conviction does not justify regulation of his Second Amendment rights.

### III. DISCUSSION

Despite the reassurances of *Heller, McDonald*, and *Bruen* that these decisions should not cast doubt on such longstanding prohibitions on firearms possession by felons and other groups, litigants remain determined to exploit the doubt they perceive in the Supreme Court's holdings.

3

After *Bruen*, the Eighth Circuit has recently held that to resolve Second Amendment challenges, a court must first ask "whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment." *Sitladeen*, 64 F.4th at 985. If the conduct falls within the plain text, the Government must "'identify an American tradition justifying' the regulation." *Id*. (quoting *Bruen*, 142 S. Ct. at 2138). Even more recently (i.e., after the parties had submitted their briefs) an Eighth Circuit panel has taken the assurances of *Heller, McDonald*, and *Bruen* to heart and concluded, "Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *United States v. Jackson*, No. 22-2870, 2023 WL 3769242, at *4 (8th Cir. June 2, 2023). Then, eleven days later, a different panel of the Eighth Circuit cited *Jackson* and declined to address an as-applied challenge to Section 922(g)(1) stating:

> Cunningham asserts that the Second Amendment guaranteed his right to possess a firearm, despite his status as a twice-convicted felon, because neither of his prior offenses qualified as a "violent" offense based on the elements of the crime. This contention is foreclosed by *United States v. Jackson*, No. 22-2870, --- F.4th ----, ----, 2023 WL 3769242, at *4 (8th Cir. June 2, 2023), where we concluded that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant. The longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the motion to dismiss.

*United States v. Cunningham*, No. 22-1080, 2023 WL 3960829, at *3 (8th Cir. June 13, 2023).

In *Jackson,* the defendant, who had two felony convictions for the sale of a controlled substance, challenged the constitutionality of Section 922(g)(1). After examining "the nation's historical tradition of firearms regulation" as required by *Bruen, Jackson* held,

4

> In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons. Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, we conclude that the statute is constitutional as applied to Jackson.

2023 WL 3769242, at *5. Although *Jackson* expressly addressed only an as-applied challenge, under this reasoning, the analysis of both Defendant's challenges could end here. *Jackson* is the first Eighth Circuit panel to address the second part of the *Bruen* test as it relates to Section 922(g)(1).

Although the *Jackson* defendant apparently raised both facial and as-applied challenges to Section 922(g) in the district court, *Jackson's* holding addresses only the as-applied challenge and precludes any "felony-by-felony litigation" of its constitutionality. 2023 WL 3769242, at *4. I conclude this decision is binding, notwithstanding the possibility of shifting sand in this area of Second Amendment litigation.[1]

Particularly with respect to as-applied challenges, there may be some uncertainty about the effect of *Bruen* on preexisting Eighth Circuit precedent. Prior to *Jackson*, for example, one district court expressed the possible implications of precedents surviving *Bruen* as follows:

---

[1] For example, the Third Circuit recently reversed a decision *Jackson* relied upon. *Range v. Att'y Gen.*, 53 F.4th 262, 269 (3d Cir. 2022) (per curiam), vacated, reh'g en banc granted, 56 F.4th 992 (3d Cir. 2023). *En banc,* the Third Circuit held that a felon convicted of a false statement on a food stamp application remained one of "the people" protected by the Second Amendment and Section 922(g)(1) was unconstitutional as applied to him. *Range v. Att'y Gen. U.S. of Am.*, No. 21-2835, 2023 WL 3833404, at *8 (3d Cir. June 6, 2023)

5

> In at least one respect, *Bruen* may have abrogated Eighth Circuit precedent. *United States v. Adams* placed the burden on the defendant to prove the Second Amendment protected his conduct, whereas *Bruen* places the burden of proof on the Government to show historical evidence supporting the regulation in question. 142 S. Ct. at 2127. Beyond the placement of the burden of proof, however, it is not clear whether or to what extent *Bruen* abrogated cases like *Adams* and *United States v. Bena*. For example, although *Bruen* eschewed "two-step" tests insofar as the second step engages in means-end scrutiny of a firearm regulation, there are nonetheless still two parts to the *Bruen* analysis: first, courts must determine whether "the Second Amendment's plain text covers an individual's conduct," and, if so, second, the Government must provide historical evidence to show the regulation is sufficiently analogous to Founding-era restrictions. *Bruen*, 142 S. Ct. at 2129–30. Apart from who bears the burden of proof, this is not necessarily different than the two-part test in *Adams*, 914 F.3d at 605 (although it might be), nor does it necessarily mean the no-set-of-circumstances standard set forth in *Salerno*, 481 U.S. at 745, 107 S.Ct. 2095, for facial constitutional challenges never applies to firearms regulations.

*United States v. Hammond*, No. 4:22-cr-00177-SHL-HCA, 2023 WL 2319321, at *2 (S.D. Iowa Feb. 15, 2023). Another district court has expressed concerns about the effect of *Bruen* on prior Eighth Circuit precedent. *See United States v. Lowry*, No. 1:22-CR-10031-CBK, 2023 WL 3587309 (D.S.D. May 5, 2023), report and recommendation adopted, 1:22-CR-10031-CBK, 2023 WL 3587292 (D.S.D. May 22, 2023). In *Lowry*, a felon made a facial challenge to Section 922(g)(1). *Id*. *Lowry* stated,

> After *Heller* and *McDonald*, federal courts coalesced around a two-step framework that combined history with means-end scrutiny. The Eighth Circuit, however, seems to have avoided directly adopting this framework when addressing constitutional challenges to firearm laws, although it has applied means-end scrutiny when evaluating the constitutionality of 18 U.S.C. § 922(g)(8).

*Id*. at *1 (citations omitted.) *Lowry* continued:

> So even if the Supreme Court's statements are not precedential, the Eighth Circuit's rulings are. It would require a leap of faith to say that *Bruen* overruled the Eighth Circuit's application of *Heller* and *McDonald*'s dicta when the *Bruen* Court repeatedly declared that its decision was consistent with both cases. [The appellants]'s motion should be denied on that basis alone.

*Id.* As in *Lowry,* the Court could deny Defendant's facial challenge based solely on pre-*Bruen* precedent.

My concerns are similar to those in *Hammond* and *Lowry* and are enhanced by Chief Judge Smith's concurrence in *Jackson* which stated, economically, if not cryptically, "I concur as to the judgment in Part III and agree that § 922(g)(1) is not unconstitutional as applied to Jackson and that *Heller* remains the relevant precedent we are bound to apply." *Jackson*, 2023 WL 3769242, at *8 (Smith, C.J., concurring). This might echo the concern raised in *Lowry*. *See Lowry*, 2023 WL 3587309, at *1. Judge Stras's dissent in *Cunningham* stated, in its entirety, "I dissent. More to come. *See United States v. Jackson*, --- F.4th ----, 2023 WL 3769242 (8th Cir. 2023)." 2023 WL 3960829, at *4 (Stras, J., dissenting). This dissent is even more cryptic.

*Jackson* implicitly precludes any facial challenge to Section 922(g)(1) under *Bruen*. *Jackson* does not explain how "the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment," but it does review the history supporting the limitations on the right to bear arms as required by *Bruen*. *Jackson* concluded that Congress acted in the "historical tradition" when it prohibited possession of firearms by any felon "[w]hether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness." 2023 WL 3769242, at *7. Given *Jackson's* broad support for legislative prohibitions against all felons, it is difficult to see how any facial challenge to

7

the constitutionality of Section 922(g) is viable. Thus, I recommend the Court deny Defendant's motion with respect to his facial challenge.

As discussed above, whether any as-applied challenge survives *Bruen* and *Jackson* is not perfectly clear. If pre-*Bruen* precedent is not cast in doubt (as perhaps Chief Judge Smith's concurrence suggested in *Jackson*) then the prior panel's decision controls.

> District courts in the Eighth Circuit—like this one—are duty bound to follow precedential decisions of the Eighth Circuit Court of Appeals. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (district courts are "bound . . . to apply the precedent of [the Eighth] Circuit") (citing *United States v. Collins*, 321 F.3d 691, 698 n.5 (8th Cir. 2003)); *Valspar Corp. v. PPG Indus., Inc.*, No. 16-cv-1429 (SRN/SER), 2017 WL 3382063, at *3 (D. Minn. Aug. 4, 2017) (district courts are bound by circuit court decisions "until and unless the Supreme Court (or the circuit court sitting en banc) says otherwise," including even if it appears the circuit court decision "conflicts with Supreme Court precedent") (collecting cases); *Suiter v. Gen. Baptist Nursing Home*, 2013 WL 656916, at *2 (E.D. Mo. Feb. 22, 2013) (recognizing that "in the absence of clear Supreme Court precedent, this Court is bound to follow Eighth Circuit precedent"); *see also Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 (8th Cir. 2021) (recognizing that "even if the Supreme Court's more recent decisions call the precedents treating the requirements of Rule 3(c) as jurisdictional into doubt, we are bound to follow [Supreme Court precedent] and later precedents on this issue until the Supreme Court overrules them") (cleaned up); *United States v. Wade*, 792 F. App'x 417 (8th Cir. 2020) (per curiam) (the Eighth Circuit itself is "bound by a prior panel's decision" "[e]ven though there has been recent discussion about the lasting viability [of Eighth Circuit precedent] in light of recent Supreme Court precedent"); *Pereida v. Barr*, 916 F.3d 1128, 1133 (8th Cir. 2019) (Eighth Circuit is "bound by [circuit] precedent absent en banc reconsideration or a superseding contrary decision by the Supreme Court regarding this unique situation"). And particularly applicable here, the Eighth Circuit has recognized the principle that "where a precedent . . . has direct application in a case, [the court] should follow it, even if a later decision arguably undermines some of its reasoning." *Bierman v. Dayton*, 900 F.3d 570, 574 (8th Cir. 2018) (citing *Agostini v. Felton*, 521 U.S. 203, 237 (1997)).

*Barakat v. Frontier J. KCMO, LLC*, No. 4:21-CV-00934-RK, 2022 WL 3269942, at *3 (W.D. Mo. Aug. 10, 2022).

Perhaps we will learn one day what remains of pre-*Bruen* precedent in this area, but *Jackson* seems to have proceeded on the basis that *Bruen* superseded prior Eighth Circuit authority:

> In *United States v. Adams*, we said that a defendant raising an as-applied challenge to § 922(g)(1) must show "(1) that the Second Amendment protects his particular conduct, and (2) that his prior felony conviction is insufficient to justify the challenged regulation of Second Amendment rights." 914 F.3d at 605. Jackson argues that his particular conduct of carrying a concealed weapon was constitutionally protected. We need not address that question, because we conclude that the prohibition is constitutional as applied to Jackson regardless of his particular conduct.

*Jackson*, 2023 WL 3769242, at *7 n.4. Indeed, the District of Nebraska recently interpreted *Jackson* to dispose of claims like the one before this Court:

> Thus, Jackson expressly rejected Mr. Hansen's claim that § 922(g)(1) is facially unconstitutional under the *Bruen* framework. And his as-applied challenge based on the "non-violent" nature of his prior conviction is likewise foreclosed by *Jackson*. While Congress could have concluded that only those convicted of certain "violent" felonies pose an increased threat of danger when armed, or required an individual assessment of dangerousness before dispossession, it did not. Instead, Mr. Hansen falls squarely within the category of persons that Congress dispossessed under § 922(g)(1). *See id.* at *13. And the Court is not at liberty to override the statute's application based on his individual characteristics and circumstances when the categorical ban was reasonably and lawfully adopted.

*United States v. Hansen*, No. 4:18-CR-3140, 2023 WL 4134002, at *7 (D. Neb. June 22, 2023).

Here, Defendant's as-applied challenge should also be denied under *Jackson*. In the case at bar, Defendant's only argument is that his felony was nonviolent. He has not

attempted to allege "facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections." *United States v. Barton*, 633 F.3d 168, 174 (3d Cir.2011). Nor has he attempted to show that he is "no more dangerous than a typical law-abiding citizen." *Id.* It remains unclear after *Bruen, Jackson,* and pre-*Bruen* precedent such as *United States v. Adams*, 914 F.3d 602 (8th Cir. 2019) what attacks convicted felons can mount to as-applied challenges, if any. In the instant case, the only challenge asserted is foreclosed by *Jackson*.

## IV. CONCLUSION

For the reasons set forth above, I respectfully recommend the District Court **deny** Defendant's Motion to Dismiss. (Doc. 21.)

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 30th day of June, 2023.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

10

Case 6:23-cr-02005-LTS-MAR    Document 33    Filed 06/30/23    Page 10 of 10